**FAEGRE DRINKER BIDDLE & REATH LLP**
KENDAL C. MITCHELL (BAR NO. 335091)
*kendal.mitchell@faegredrinker.com*
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone. (415) 591-7500
Facsimile.  (415) 591-7510

Attorneys for Defendant
EXACTECH, U.S., INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MASTEN,<br><br>              Plaintiff,<br><br>    v.<br><br>EXACTECH U.S., INC., and DOES 1 through ONE-HUNDRED,<br><br>              Defendants. | Case No. 3:24-CV-06245<br><br>(Superior Court of California, County of Santa Clara, Case No.: 24CV442265)<br><br>**DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL**<br><br>[Filed Concurrently with Civil Cover Sheet; Notice of Interested Parties and Corporate Disclosure Statement; and Mitchell Decl. in Support of Removal]<br><br>Complaint Filed:    July 1, 2024<br>Date Removed:      September 4, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Exactech U.S., Inc. (hereinafter, "Exactech" or "removing defendant"), by and through its undersigned counsel hereby removes the above-captioned action from the Superior Court of the State of California, for the County of Santa Clara, to the United States District Court for the Northern District of California. In support of this Notice of Removal, Exactech states that this Court has original subject matter jurisdiction over Plaintiff Raymond Masten's ("Plaintiff") lawsuit via diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Accordingly, removal is based on the following grounds.

## BACKGROUND

### I.      PLEADINGS AND PROCESS

1.      On or about July 1, 2024, Plaintiff commenced this action against Exactech and un-named, fictitious Doe defendants, by filing a complaint in the Superior Court of Santa Clara County, in the State of California, bearing case number 24CV442265.

2.      Exactech was served with the Summons and Complaint on or around August 6, 2024.

3.      In this action, Plaintiff alleges that Plaintiff suffered various injuries as a result of being implanted with an Exactech total knee replacement system designed, distributed, manufactured, sold, and marketed by Exactech. (Compl. ¶¶ 4–5.)

4.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Exactech has satisfied the procedural requirements for removal.

### II.      AN MDL EXISTS INVOLVING THE SAME PRODUCTS AND CLAIMS

5.      This is one of more than 1,600 similar cases pending around the country involving personal-injury allegations by plaintiffs who were implanted with Exactech

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

medical devices. On October 7, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing MDL No. 3044, *In re: Exactech Polyethylene Orthopedic Products Liability Litigation*, before Judge Nicholas G. Garaufis in the United State District Court for the Eastern District of New York.

6.    Exactech intends to seek transfer of this action to the MDL proceeding and will shortly provide the JPML notice of this action pursuant to the "tag-along" procedure contained in the MDL rules.

## REMOVAL

### III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

7.    This is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the properly joined parties—Plaintiff and Exactech—in the underlying cause of action. Moreover, the amount in controversy as between Plaintiff and Exactech exceeds the sum or value of $75,000, exclusive of interests and costs.

8.    As explained below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states. Section 1441 provides that removal based on diversity jurisdiction is proper "if [none] of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

///

### A.    The Amount in Controversy Requirement is Satisfied.

9.    Plaintiff claims that Plaintiff suffered "injuries, pain and debilitation, underwent a revision surgery, and suffered other injuries presently undiagnosed." (Compl. ¶ 11.) Plaintiff claims that Plaintiff incurred "expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services, which

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

said services are still continuing." (Compl. ¶ 12.) Further, Plaintiff claims that Plaintiff's "earning capacity has been dismissed . . . in a presently unascertained sum." (Compl. ¶ 13.)

10.     It is widely recognized that personal injury claims involving medical products facially meet the $75,000 jurisdictional threshold. S*ee, e.g., In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Williamson v. Stryker Corp.*, 2013 WL 3833081, at *1 (S.D.N.Y. July 23, 2013) (holding amount in controversy satisfied where plaintiff brought products liability claims related to alleged failed knee implant); *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (collecting cases). In addition, compensatory and punitive damages in excess of the jurisdictional amount of $75,000 have been awarded in product-liability cases in California. *See, e.g., Stewart v. Union Carbide Corp.*, 190 Cal. App. 4th 23 (2010); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 10 1202 (2006); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990 (2005).

11.     Given Plaintiff's claim that Plaintiff suffered various injuries as a result of being implanted with an Exactech total knee replacement system, it is evident from the face of the Complaint that the amount of recovery sought by Plaintiff exceeds $75,000. (Compl. ¶¶ 5, 11–13.)

**B.      Complete Diversity of Citizenship Exists Among the Properly Joined Parties.**

12.     There is complete diversity of citizenship between the properly joined parties.

13.     Plaintiff is presumably a citizen of the State of California. Plaintiff does not explicitly allege Plaintiff's citizenship or residence in the Complaint. (*See generally* Compl.) However, Plaintiff indicates that Plaintiff underwent total knee replacement surgery in Santa Clara County, California on or around May 23, 2020, and that all of the events giving rise to his injuries arose in the County of Santa Clara, California. (Compl. ¶¶ 5, 7.) Upon these facts that Plaintiff has remained in Santa Clara County, California for at

DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL
Case No. 3:24-CV-06245

least the past four years, Plaintiff is presumably a citizen of the State of California. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) ("[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change.).

14. At all relevant times, Defendant Exactech U.S., Inc. was a corporation existing under the laws of the State of Florida, with its principal place of business in Gainesville, Florida. (Compl. ¶ 1.) Thus, Exactech U.S., Inc. is a citizen of Florida for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15. Does 1 through 100 are fictitious parties whose citizenship is irrelevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under § 1332(a) . . . the citizenship of defendants sued under fictious names shall be disregarded.").

16. Accordingly, the properly joined Defendant Exactech U.S., Inc. is a citizen of Florida, whereas Plaintiff is a citizen of California. Complete diversity of citizenship therefore exists between Plaintiff and properly joined Defendants.

## IV. <u>EXACTECH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.</u>

17. Pursuant to 28 U.S.C. § 1446 (d), a copy of this notice of removal is being filed with the clerk of the Superior Court of California, County of Santa Clara.

18. Pursuant to 28 U.S.C. § 1446 (d), defendants are providing written notice to Plaintiff.

19. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Exactech U.S., Inc. are attached hereto as Exhibit A.

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of California.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

22. If any question arises as to the propriety of the removal of this action, Exactech requests the opportunity to present a brief and oral argument in support of their position that this case is removable.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Exactech has thus properly removed the underlying action to this Court.

Dated:  September 4, 2024        **FAEGRE DRINKER BIDDLE & REATH LLP**

By:   */s/  Kendal C. Mitchell*
      KENDAL C. MITCHELL

      Attorneys for Defendant
      EXACTECH, U.S., INC.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

6
DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL
Case No. 3:24-CV-06245

# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Exactech U.S., Inc. and DOES One through One Hundred

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Raymond Masten

| |
|---|
| **FOR COURT USE ONLY** |
| *(SOLO PARA USO DE LA CORTE)* |
| E-FILED |
| 7/1/2024 5:18 PM |
| Clerk of Court |
| Superior Court of CA, |
| County of Santa Clara |
| 24CV442265 |
| Reviewed By: L. Ayala |
| Envelope: 15809704 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| CASE NUMBER |
|---|
| *(Número del Caso):* **24CV442265** |

Santa Clara Superior Court
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Kelly / Jeffrey A. Clause 71460 / 299967 Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor (415) 981-7210
San Francisco, CA 94108-2615

DATE: **7/1/2024 5:18 PM**    Clerk of Court    Clerk, by **L. Ayala**    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Exactech U.S., Inc.
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Masten-16372

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael A. Kelly / Jeffrey A. Clause 71460 / 299967<br>Walkup, Melodia, Kelly & Schoenberger<br>650 California Street, 26th Floor<br>San Francisco, CA 94108-2615<br>TELEPHONE NO.: (415) 981-7210    FAX NO.: (415) 391-6965<br>EMAIL ADDRESS: jclause@walkuplawoffice.com<br>ATTORNEY FOR *(Name)*: Plaintiff Raymond Masten | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 7/1/2024 5:18 PM<br>Reviewed By: L. Ayala<br>Case #24CV442265<br>Envelope: 15809704** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil-Unlimited

CASE NAME: Masten v. Exactech U.S., Inc.

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited [ ] Limited<br>(Amount demanded exceeds $35,000) (Amount demanded is $35,000 or less) | **Complex Case Designation**<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 24CV442265<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/1/2024

Jeffrey A. Clause
_____
(TYPE OR PRINT NAME)                           ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024]    CEB | Essential<br>ceb.com | Forms

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

Masten-16372

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Page 2 of 2

CEB| Essential
.ceb.com | Forms

Masten-16372

E-FILED
7/1/2024 5:18 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV442265
Reviewed By: L. Ayala

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
JEFFREY A. CLAUSE (State Bar #299967)
jclause@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFF RAYMOND MASTEN**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| RAYMOND MASTEN,<br><br>          Plaintiff,<br><br>v.<br><br>EXACTECH U.S., INC. and DOES ONE through ONE-HUNDRED,<br><br>          Defendants. | **Case No.** 24CV442265<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **Strict Liability—Manufacturing Defect**<br>(2) **Strict Liability—Failure to Warn**<br>(3) **Negligence—Design, Manufacture and Sale**<br>(4) **Negligence—Failure To Recall/Retrofit**<br>(5) **Negligence—Failure to Warn**<br><br>**DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

1.     Defendant Exactech, U.S., Inc. is a corporation organized and existing under the laws of the State of Florida. At all times relevant to this action, defendant Exactech, U.S., Inc. conducted business in the County of Santa Clara, State of California.

2.     The true names and capacities, whether individual, corporate, or otherwise of Does One through One Hundred, inclusive, are presently unknown to plaintiff, who therefore sues them by fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of said defendants

1
COMPLAINT FOR DAMAGES

is, negligently or otherwise, legally responsible in some manner for the events and happenings herein alleged, either as manufacturers, suppliers, sellers, or distributors and that said defendants, negligently or otherwise, acted or omitted to act in one or more of said occupations or businesses and that such negligence or other basis of liability legally caused the injuries and damages hereinafter set forth. Plaintiff prays leave to amend this Complaint to assert herein the true names, capacities, functions, occupations, and businesses, along with the factual basis for liability of said defendants, when the same are ascertained.

3.     Plaintiff is informed and believes, and upon such information and belief alleges that, at all times and places mentioned herein, defendants, and each of them, were the agents, ostensible agents, co-conspirators, servants, employees, partners, joint venturers, affiliates, franchisees, and/or alter egos of the remaining defendants, and each of them, and that each of them were at all times and places mentioned herein acting in concert and within the purpose and scope of such conspiracy, service, agency, ostensible agency, employment, partnership, joint venture, affiliation, and/or franchise.

4.     At all times herein mentioned, defendants Exactech U.S., Inc. and Does One through Fifty, and each of them, designed, distributed, manufactured, sold, and marketed an Exactech total knee replacement system which is used for implantation into consumers, such as plaintiff, by physicians and surgeons in the State of California including Santa Clara County. The Exactech total knee replacement system was defective in that, among other things, the system allows oxygen to diffuse into a plastic insert prior to being implanted, leading to a process called oxidation which causes the plastic to prematurely deteriorate and become damaged after it is implanted into the patient's body. Premature wear of the plastic insert causes injury in patients and leads to the need for a premature and otherwise unnecessary revision surgery to replace the Exactech total knee replacement system.

5.     On or around May 23, 2020, plaintiff Raymond Masten underwent a

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

COMPLAINT FOR DAMAGES

total knee replacement procedure that was performed at Stanford Hospital in Santa Clara County in which the above-described Exactech total knee replacement system was implanted. As a result of the defective and negligent design, manufacture and composition of that device, and its accompanying warnings and instructions (or lack thereof), the implant became damaged and failed, causing injuries in Plaintiff Raymond Masten which will require him to undergo a revision surgery to remove and replace the failed device.

6.     Plaintiff Raymond Masten has no medical or special training, and Plaintiff never suspected that the Exactech total knee replacement system was defective until November 28, 2022. Plaintiff first discovered that there were potential grounds for a products liability action on or around November 28, 2022, when he received notice that defendant Exactech U.S., Inc. had recalled the above-described Exactech total knee replacement system. This complaint for damages is therefore timely filed within two years of when plaintiff first had reason to suspect a product defect. In addition, Plaintiff Raymond Masten and defendant Exactech, U.S., Inc. entered into a 360 day tolling agreement on June 31, 2023, tolling the statute of limitations to November 23, 2025.

7.     Venue in this Court is proper because the events giving rise to plaintiff's injuries arose in the County of Santa Clara, State of California.

## FIRST CAUSE OF ACTION
### [Strict Liability – Manufacturing Defect]

For a First Cause of Action, plaintiff Raymond Masten complains of defendants and alleges as follows:

8.     Plaintiff hereby incorporates by reference paragraphs 1 through 7 herein, as though alleged fully in this Cause of Action.

9.     At all times relevant, the Exactech knee replacement system implanted in plaintiff contained a manufacturing defect, in that it differed from the manufacturer's design or specifications, or from other typical units of the same

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

COMPLAINT FOR DAMAGES

product line.

10. The manufacturing defects herein described existed when the above-described products and equipment left the possession of each manufacturing defendant.

11. By reason of the premises, and as a direct and legal result of the manufacturing defects described herein, plaintiff suffered injuries, pain and debilitation, underwent a revision surgery, and suffered other injuries presently undiagnosed. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

12. By reason of the premises, and as a direct and legal result thereof, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services, which said services are still continuing. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

13. By reason of the premises, and as a direct and legal result thereof, plaintiff has been unable at times to attend regular employment, and plaintiff's earning capacity has been diminished to plaintiff's special damage in a presently unascertained sum as said loss is not yet finally determined. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

14. By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained special (economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

15. By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4

COMPLAINT FOR DAMAGES

set forth.

## SECOND CAUSE OF ACTION
### [Strict Liability – Failure to Warn]

For a Second Cause of Action, plaintiff Raymond Masten complains of defendants and alleges as follows:

16.    Plaintiff hereby incorporates by reference paragraphs 1 through 15 herein, as though alleged fully in this Cause of Action.

17.    At all times relevant, the Exactech knee replacement system had potential risks and side effects that were known or knowable to defendants by the use of scientific knowledge available before, at, and after the time of the design, distribution, manufacture, sale, and marketing of the Exactech knee replacement system. Defendants knew or should have known of the defects and risks associated with said product, as previously set forth herein.

18.    At all times relevant, the Exactech knee replacement was defective and unreasonably dangerous to any user or ordinary consumer of the device, such as plaintiff. Such ordinary consumers, including plaintiff, would not and could not have recognized or discovered the potential risks and side effects of the Exactech knee replacement system as set forth herein.

19.    The warnings and directions provided with the Exactech knee replacement system by defendants failed to adequately warn of the potential risks and side effects of the device and the dangerous propensities of said medical device, which risks were known or were reasonably scientifically knowable to defendants.

20.    As a direct and legal result of defendants' failure to adequately warn of those risks of injury to ordinary consumers such as plaintiff, plaintiff suffered the injuries herein described.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION
### [Negligence – Design, Manufacture and Sale]

For a Third Cause of Action, plaintiff Raymond Masten complains of defendants and alleges as follows:

21.    Plaintiff hereby incorporates by reference paragraphs 1 through 20 herein, as though alleged fully in this Cause of Action.

22.    At all times relevant, the defendants were negligent and careless in and about their design, testing, distribution, manufacture, advertising, sale, and marketing of the above-described Exactech knee replacement system.

23.    At all times relevant, the defendants performed inadequate evaluation and testing of the Exactech knee replacement system where such evaluation and testing would have revealed the propensity of the Exactech knee replacement system to fail in the patient's body, causing injury and requiring the plaintiff to undergo a revision surgery.

24.    As a direct and legal result of the above-described negligence in design, testing, distribution, manufacture, advertising, sale, and marketing of the Exactech knee replacement system, plaintiff suffered the injuries herein described.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### [Negligence – Failure To Recall/Retrofit]

For a Fourth Cause of Action, plaintiff Raymond Masten complains of defendants and allege as follows:

25.    Plaintiff hereby incorporates by reference paragraphs 1 through 24 herein, as though alleged fully in this Cause of Action.

26.    At all times relevant, defendants knew or reasonably should have known that the Exactech knee replacement system was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner, and defendants failed to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT FOR DAMAGES

recall, retrofit, or warn patients or physicians about the dangers of the device.

27.    Reasonable manufacturers and distributors under the same or similar circumstances would have recalled or retrofitted the Exactech knee replacement system.

28.    As a direct and legal result of the above-described negligent failure to recall or retrofit, plaintiff suffered the injuries herein described.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### [Negligence – Failure to Warn]

For a Fifth Cause of Action, plaintiff Raymond Masten complains of defendants and alleges as follows:

29.    Plaintiff hereby incorporates by reference paragraphs 1 through 28 herein, as though alleged fully in this Cause of Action.

30.    At all times relevant, defendants knew or should have known that the Exactech knee replacement system was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

31.    At all times relevant, defendants knew or reasonably should have known that the users of the device, including plaintiff, would not realize the dangers presented by the device.

32.    At all times relevant, defendants failed to adequately warn of the dangers presented by the device and/or failed to instruct on the safe use of the device.

33.    Reasonable manufacturers and reasonable distributors, under the same or similar circumstances as those of defendants' would have warned of the dangers presented by the Exactech knee replacement system, or instructed on the safe use of the device.

34.    As a direct and legal result of the above-described negligent failure to warn, plaintiff suffered the injuries herein described.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

COMPLAINT FOR DAMAGES

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

A.     For general (non-economic) damages according to proof;

B.     For special (economic) damages according to proof;

C.     For pre-judgment interest as permitted by law;

D.     For costs of suit; and,

E.     For such other and further relief as this Court may deem proper.

Dated:  July 1, 2024                    WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MICHAEL A. KELLY
JEFFREY A. CLAUSE
Attorneys for PLAINTIFF RAYMOND MASTEN

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  July 1, 2024                    WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MICHAEL A. KELLY
JEFFREY A. CLAUSE
Attorneys for PLAINTIFF RAYMOND MASTEN

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

COMPLAINT FOR DAMAGES

LAW OFFICES OF
### WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
JEFFREY A. CLAUSE (State Bar #299967)
jclause@walkuplawoffice.com
ATTORNEYS FOR PLAINTIFF RAYMOND
MASTEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| RAYMOND MASTEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>EXACTECH U.S., INC. and DOES ONE<br>through ONE-HUNDRED,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF POSTING JURY FEES** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs have posted jury fees in the amount of

$150.00 for the above-referenced matter.


Dated: July 1, 2024                        WALKUP, MELODIA, KELLY & SCHOENBERGER


                                        By: _____
                                        MICHAEL A. KELLY
                                        JEFFREY A. CLAUSE
                                        Attorneys for PLAINTIFF RAYMOND
                                        MASTEN

1

## SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among other forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in which the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*


**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

Kelly v. Exactech

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

---

 **Essential**
CEB
ceb.com **Forms**

```
                                              Kelly v. Exactech
```

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE
***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: 24CV442265

---

### PLEASE READ THIS ENTIRE FORM

---

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**
1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms: https://www.scscourt.org/forms_filing.shtml and https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.*** *You may have the option, or be required, to appear remotely – see Local Civil Rule 8.*

---

| | |
|---|---|
| **Your Case Management Judge is:** Rosen, Amber | **Department:** 16 |

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
      **Date:** 01/07/2025      **Time:** 1.30pm      in **Department:** 16

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
      **Date:**      **Time:**      in **Department:**

---

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CV-5012 REV 03/01/23                    **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

CEB Essential
ceb.com | Forms

Masten-16372

24CV442265
Santa Clara – Civil
C. Roman

**FAEGRE DRINKER BIDDLE & REATH LLP**
KENDAL C. MITCHELL (BAR NO. 335091)
*kendal.mitchell@faegredrinker.com*
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone. (415) 591-7500
Facsimile.  (415) 591-7510

Attorneys for Defendant
EXACTECH, U.S., INC.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/3/2024 11:23 AM
Reviewed By: C. Roman
Case #24CV442265
Envelope: 16478003**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| RAYMOND MASTEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EXACTECH, U.S., INC., and DOES ONE through ONE-HUNDRED,<br><br>　　　　　Defendants. | Case No. 24CV442265<br><br>Hon. Amber Rosen<br>Dept. 16<br><br>**DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:　　July 1, 2024<br>Trial Date:　　　　　N/A |

---

Defendant Exactech, U.S., Inc. ("Exactech"), by and through the undersigned counsel, hereby responds to the Complaint filed by Plaintiff Raymond Masten ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Exactech denies each and every allegation of Plaintiff's Complaint, the whole thereof, and each and every cause of action therein, and further deny that Plaintiff sustained or is entitled to recover damages in the sum alleged or any sum whatsoever. Without waiving its right to supplement and/or amend this Answer and these defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery, and Exactech further denies that Plaintiff sustained any injury, damage, or loss by reason of any act or omission by Exactech.

By alleging the Affirmative Defenses set forth below, Exactech intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise governs with respect to any particular issue at law or equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

1. Each purported cause of action in Plaintiff's Complaint fails to allege facts sufficient to constitute a cause of action against Exactech.

### SECOND AFFIRMATIVE DEFENSE

*(Third-Party Acts)*

2. If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's injuries or expenses were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Exactech was not responsible and with whom it had no legal connection.

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

*(Contributory Negligence)*

3.     Plaintiff was negligent, and Plaintiff's negligence caused or contributed to cause any injuries or expenses Plaintiff claims.  Any amount Plaintiff claims as compensatory damages, if the claim for such amounts is not entirely barred, must be diminished proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm.  Exactech therefore requests that in any finding of liability in favor of Plaintiff or settlement through judgment against Exactech, an apportionment of fault be made among all parties, as permitted by *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, and *American Motorcycle Assoc. v. Superior Court* (1987) 20 Cal.3d 578, by the court or jury.  Exactech further requests a judgment and declaration of partial indemnification and contribution against all parties or persons in accordance with the apportionment of fault.

### FOURTH AFFIRMATIVE DEFENSE

*(Statute of Limitations)*

4.     With respect to each and every cause of action in Plaintiff's Complaint, all or part of Plaintiff's claims are barred by the applicable statutes of limitations and/or statutes of repose, including without limitation, California Code of Civil Procedure sections 335.1 and 343.

### FIFTH AFFIRMATIVE DEFENSE

*(Statute of Limitations – No Delayed Discovery)*

5.     With respect to each and every cause of action in Plaintiff's Complaint, all or part of Plaintiff's claims are barred by the applicable statutes of limitations and/or statutes of repose, including without limitation, California Code of Civil Procedure sections 335.1 and 343, because Plaintiff did not conduct a reasonable investigation of all potential causes of Plaintiff's injury so as to invoke the discovery rule.

- 3 -

## SIXTH AFFIRMATIVE DEFENSE

*(Causation - Superseding/Intervening Cause)*

6.    If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's injuries or expenses were the result of intervening and/or superseding causes, and not as a result of acts or omissions of Exactech.

## SEVENTH AFFIRMATIVE DEFENSE

*(Causation - Idiosyncratic Reaction)*

7.    Each purported cause of action of Plaintiff's Complaint is barred because injuries and damages allegedly sustained by Plaintiff were caused by an idiosyncratic reaction to the subject product that was not reasonably foreseeable to Exactech.

## EIGHTH AFFIRMATIVE DEFENSE

*(Conformity with Applicable Law)*

8.    The conduct of Exactech and the subject product conformed to the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration.  Moreover, the activities of Exactech alleged in Plaintiff's Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant times alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

*(Offset)*

9.    Should Exactech be held liable to Plaintiff, which liability is specifically denied, Exactech would be entitled to a set off for the total of all amounts paid to Plaintiff from all collateral sources.

## TENTH AFFIRMATIVE DEFENSE

*(Fair Responsibility Act of 1986)*

10.    The liability of Exactech, if any, in this action is subject to the limitations of the Fair Responsibility Act of 1986, as set forth in Civil Code sections 1431-1431.5.

## ELEVENTH AFFIRMATIVE DEFENSE

- 4 -

*(Lack of Defect)*

11.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect since the subject product was properly prepared in accordance with the applicable standard of care.

**TWELFTH AFFIRMATIVE DEFENSE**

*(Risk-Benefit)*

12.    Plaintiff's product liability causes of action are barred because the benefits of the subject product's design outweigh any risks of the design.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*(Consumer Expectation)*

13.    Plaintiff's product liability causes of action alleged against Exactech are barred because the subject product was consistent with or exceeded consumer expectations.[1] Notwithstanding Plaintiff's claims and contentions, Plaintiff received all or substantially all of the benefit from the subject product Plaintiff hoped and intended to receive, and, to that extent, any damages and/or restitution Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

**FOURTEENTH AFFIRMATIVE DEFENSE**

*(State-of-the-Art)*

14.    Plaintiff cannot recover under Plaintiff's Complaint because Exactech's product was in conformity with the generally recognized state-of-the-art at the time they were designed, manufactured, packaged, and labeled.

**FIFTEENTH AFFIRMATIVE DEFENSE**

*(Assumption of Risk)*

15.    Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in Plaintiff's Complaint.  Pursuant to the doctrines of primary and secondary

---

[1] Exactech makes this affirmative defense in the alternative, and does not concede that the consumer expectation test is an appropriate instruction for design defect claims in this action. Indeed, Exactech maintains that pursuant to *Trejo v. Johnson & Johnson* (2017) 13 Cal.App.5th 110, the consumer expectation test does not apply to design defect claims for prescription medical devices like the subject product. *See Trejo*, 13 Cal.App.5th at 156-160.

- 5 -

assumption of risk or informed consent, this conduct bars, in whole or in part, any damages Plaintiff seeks to recover herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*Preemption*)

16.    Plaintiff's claims, predicated on state tort law and alleging the subject product to be unsafe, are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*Failure to Mitigate*)

17.    Each purported cause of action of Plaintiff's Complaint is barred by reason of Plaintiff's failure to mitigate Plaintiff's alleged damages or losses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Equitable Doctrines*)

18.    Each purported cause of action of Plaintiff's Complaint is barred by the equitable doctrines of laches, unclean hands, good faith, waiver, estoppel, and res judicata.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*Modification*)

19.    Plaintiff's alleged injuries or damages, if any, may have been proximately caused by an unreasonable modification or alteration of the product which was not reasonably foreseeable, was made by a person other than Exactech, and was made subsequent to the time of original sales.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Failure to Follow Warning*)

20.    The proximate cause of the alleged injuries described in Plaintiff's Complaint may have been the use of the product for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning appearing on, attached to, or delivered with the product.  Plaintiff knew, or with the exercise of reasonable diligence and care should have known, of such instructions and warnings.

- 6 -

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Proximate Cause)

21.    Any condition of the product in question alleged to be defective or to have constituted a breach of duty by Exactech was not a proximate cause of Plaintiff's alleged injuries and damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Complied with Specifications)

22.    Upon information and belief, the product alleged by Plaintiff to have been defective did not deviate from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Alternate Design)

23.    Exactech avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of (a) the design characteristics, if any, that allegedly caused the injuries and damages complained of herein or the alleged danger of such characteristics, or (b) any alternative design referred to by Plaintiff.  Exactech further avers that any alternative design was neither feasible, either scientifically or technologically, nor economically practical.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Spoliation)

24.    Plaintiff's claims may be barred due to the spoliation of evidence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Vague and Ambiguous)

25.    The Complaint is vague, uncertain, and ambiguous.

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(*No Resulting Damage*)

26.    Exactech alleges that some or all of Plaintiff's claims are barred as a matter of law pursuant to *Aas v. Superior Court*, 24 Cal.4th 627 (2000), as no resulting damage has occurred from the conditions claimed by Plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(*Active and Affirmative Negligence*)

27.    Exactech alleges that Plaintiff is liable for active and affirmative negligence in and about the matters alleged in the Complaint, which active and affirmative negligence was a proximate cause of the damages, if any, which Plaintiff complains of herein, thereby barring any right to indemnification that Plaintiff may assert.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(*Misuse/Abuse of Product*)

28.    Exactech is informed and believes that the product in question was improperly used/abused and that this improper use/abuse proximately caused the incidents, injuries, loss, and damages referred to in Plaintiff's Complaint, if any.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(*Sophisticated User*)

29.    In the event that any product made the subject of this proceeding is found to have posed an unreasonable risk of harm, is found to have lacked adequate warnings, or is found to be otherwise defective, all of which is denied, then Exactech asserts that no warning was necessary, as any dangers were open and obvious, and/or the product were sold to, leased to, or being used by a sophisticated user.

**THIRTIETH AFFIRMATIVE DEFENSE**

(*No Strict Liability*)

30.    Upon information and belief, the product is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the devices for a class of

- 8 -

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

patients, knowing the devices' foreseeable risks and therapeutic benefits.  Plaintiff's claims are barred or limited to a product liability failure-to-warn claim because the product is a prescription medical device and falls within the ambit of Restatement (Second) of Torts section 402A, Comments j and k, and Restatement (Third) of Torts: Product Liability Sections 4 and 6.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

*(Learned Intermediary Doctrine)*

31.    Exactech provided adequate and complete warnings concerning the subject product to Plaintiff's prescribing physicians.  Therefore, any claim by Plaintiff that Exactech failed to directly warn Plaintiff, consumers generally or the public at large about the risks associated with the subject product, or that the product warnings were inadequate, is controlled by, and barred under, the Learned Intermediary Doctrine.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

*(Protected Speech)*

32.    Plaintiff's claims are barred, in whole or in part, because Exactech's advertisements and labeling with respect to the subject product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

*(Failure to Join an Indispensable Party)*

33.    The Complaint fails to join indispensable parties necessary for the just adjudication of the matter.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(*No Reliance*)

34.    Plaintiff's warranty-based claims are barred, in whole or in part, by Plaintiff's lack of reliance on any such alleged warranties.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(*Howell v. Hamilton Meats*)

- 9 -

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

35.    Exactech alleges Plaintiffs' recovery for past medical expenses or other economic loss or benefit, if any, is limited to the lesser of the amount paid or the reasonable value of those services or benefits.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Joint and Several Liability)

36.    Irwin alleges that the liability of Irwin for the non-economic damages claimed or proven by Plaintiffs shall be and is limited by California Civil Code section 1431.2.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(*Right to Assert Additional Defenses*)

37.    Exactech has not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on any other applicable defenses as may become available or apparent during discovery proceedings.  Exactech further reserves the right to delete affirmative defenses Exactech determines are no longer applicable, and to amend this Answer or these affirmative defenses accordingly.

### RELIEF REQUESTED

WHEREFORE, Exactech prays that this Court:

1.    Order that Plaintiff take nothing by the Complaint;

2.    Dismiss Plaintiff's Complaint against Exactech;

3.    Enter judgment in favor of Exactech;

4.    Award Exactech its costs, attorneys' fees, and disbursements herein; and

5.    Order such other further relief as this Court may find just and proper.

6.

Dated:  September 3, 2024                                  **FAEGRE DRINKER BIDDLE & REATH LLP**

By:_____
                                                                    KENDAL C. MITCHELL

                                                                    Attorneys for Defendant
                                                                    EXACTECH, U.S., INC.

- 10 -

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My electronic address is: lorena.lazheztter@faegredrinker.com and my business address is 1800 Century Park East, Suite 1500, Los Angeles, CA 90067. On September 3, 2024, I served a copy of the within document(s):

**DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

&#9746;     **BY U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

&#9746;     **BY SERVICE VIA E-MAIL.** By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth below:

| | |
|---|---|
| Michael A. Kelly | Attorneys for Plaintiff |
| Jeffrey A. Clause | |
| Walkup, Melodia, Kelly & Schoenberger | |
| 650 California St., 26th Floor | |
| San Francisco, CA 94108 | |
| (415) 981-7210 | |
| mkelly@walkuplawoffice.com | |
| jclause@walkuplawoffice.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 3, 2024, at Los Angeles, California.

_____
Lorena Lazheztter

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT